UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATHLEEN PARROTTINO,
on behalf of Herself and
All Others Similarly Situated,

       Plaintiff,                   CIVIL ACTION NO. 12-cv-13084

       v.                     DISTRICT JUDGE BERNARD A. FRIEDMAN

                               MAGISTRATE JUDGE MONA K. MAJZOUB

BANKERS LIFE AND
CASUALTY CO.,

       Defendant.
_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY [23], GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DEPOSITIONS [34], AND DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY [45]

This matter comes before the Court on Plaintiff Kathleen Parrottino's Motion to Compel Discovery (Docket no. 23), Motion to Compel Depositions of 30(b)(6) Topics (Docket no. 34), and Motion to Compel Discovery (Docket no. 45). The parties have filed Responses and Replies to all three motions. (Docket nos. 27, 28, 42, 43, 48, and 49.) The parties also filed Joint Statements of Resolved and Unresolved Issues with regard to Plaintiff's Motions to Compel Discovery. (Docket nos. 33 and 50.) The motions have been referred to the undersigned for consideration. (Docket nos. 24, 35, and 46.) The parties have fully briefed the motions; the Court has reviewed the pleadings and dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). The Court is now ready to rule pursuant to 28 U.S.C. § 636(b)(1)(A).

**I.**      **Background**

On July 13, 2012, Plaintiff filed a complaint against Defendant on behalf of herself and others similarly situated who worked for Defendant selling insurance and financial products. (*See* docket no. 1.) In her complaint, Plaintiff alleges that Defendant violated the Fair Labor Standards Act (FLSA) and the Michigan Minimum Wage Law (MMWL) by failing to pay her at the minimum wage rate and failing to pay her over time. (*Id*. at 1-2.) Plaintiff further alleges that these statutes govern her relationship with Defendant because she was Defendant's employee, and was not an independent contractor. (*Id*. at 2.) Plaintiff seeks to have this action certified as a collective action pursuant to Section 216(b) of the FLSA and/or a class action under Rule 23 of the Federal Rules of Civil Procedure. (*Id*. at 12.)

Plaintiff served Defendant with her first set of interrogatories and requests for production on April 29, 2013, and a deposition notice pursuant to Rule 30(b)(6) on May 30, 2013. (Docket no. 23 at 4.) Defendant served Plaintiff with its responses and objections on July 16, 2013. (Docket nos. 23-1 and 23-3.) Defendant also provided supplemental answers and documents to Plaintiff on August 30, 2013. (Docket no. 23-2.) In spite of numerous communications between the parties, including two "meet and confers," they are unable to resolve all of their discovery disputes. (Docket no. 23 at 4-5.) As a result, Plaintiff has filed three motions with the Court: Plaintiff's Motion to Compel Discovery (Docket no. 23), Plaintiff's Motion to Compel Depositions of 30(b)(6) Topics (Docket no. 34), and Plaintiff's Motion to Compel Discovery (Docket no. 45).

## II.      Governing Law

The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad. *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998). Parties may obtain discovery on any matter that is not privileged and is relevant to any party's claim or defense if it is reasonably

calculated to lead to the discovery of admissible evidence.  Fed.R.Civ.P. 26(b)(1).  "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed.R.Evid. 401.  But the scope of discovery is not unlimited.  "District courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce."  *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007).

Rules 33 and 34 allow a party to serve interrogatories and requests for production of documents on an opposing party.  Fed.R.Civ.P. 33, 34.  A party receiving these types of discovery requests has thirty days to respond with answers or objections.  Fed.R.Civ.P. 33(b)(2), 34(b)(2)(A).  Rule 30 allows a party to conduct a deposition of any person without leave of the Court, subject to certain exceptions.  Fed.R.Civ.P. 30(a)(1).  If the party receiving discovery requests under Rules 33 or 34 fails to respond properly, or if the person whose deposition is sought under Rule 30 fails to properly comply with the rule, Rule 37 provides the party who sent the discovery or noticed the deposition the means to file a motion to compel.  Fed.R.Civ.P. 37(a)(3)(B).  If a court grants a Rule 37 motion to compel, or if discovery is received after a Rule 37 motion is filed, then the court must award reasonable expenses and attorney's fees to the successful party, unless the successful party did not confer in good faith before the motion, the opposing party's position was substantially justified, or other circumstances would make an award unjust.  Fed.R.Civ.P. 37(a)(5)(A).

## III.   Analysis

### A.      Plaintiff's Motion to Compel Discovery [23]

Plaintiff filed her initial Motion to Compel Discovery on September 30, 2013.  (Docket no.

23.)  Defendant responded to this motion on October 18, 2013 (Docket no. 27), and Plaintiff replied to Defendant's response on October 25, 2013 (Docket no. 28).  Then, on November 1, 2013, the parties filed a Joint Statement of Resolved and Unresolved Issues with regard to this motion. (Docket no. 33.)  According to the parties, the unresolved issues are: (1) whether Defendant must produce a complete answer to Plaintiff's Interrogatory no. 2; (2) whether Defendant must produce a complete answer to Plaintiff's Interrogatory no. 8; (3) whether Defendant must produce the documents requested in Plaintiff's Request for Production (RFP) no. 15, or whether this issue is more appropriately addressed in a Rule 26 discussion; (4) whether Defendant must designate corporate representatives to be deposed regarding Plaintiff's Rule (30)(b)(6) Topic nos. 3, 12, 14, 23, 31, 47, 48, and 49; and (5) whether the discovery deadlines should be extended.  (*Id*. at 2-3.) The Court will address these issues below.

### 1.    Interrogatory No. 2 and Rule 30(b)(6) Topic Nos. 14 and 31

Plaintiff's Interrogatory no. 2 asks Defendant to "[i]dentify all legal proceedings or claims of an employment nature against [Defendant], including but not limited to, violations of state or federal wage and hour laws, the FLSA, Michigan Minimum Wage Law, claims where the status of independent contractors were at issue, discrimination, or retaliation claims, within the seven years prior to the above-captioned action.  (Docket no. 23-1 at 9.)  Defendant objected to this request as "overly broad, unduly vague, unduly burdensome, seeks information that in some instances is confidential and privileged, and irrelevant and not reasonably calculated to lead to the discovery of relevant admissible evidence."  (*Id*.)  Defendant also stated that "it has not been the subject of a misclassification lawsuit in Michigan in the last seven years" and that "the other types of lawsuits requested are entirely irrelevant to this case."  (*Id*. at 9-10.)

4

Plaintiff's Rule 30(b)(6) Topic no. 14 contains substantially similar language to that of Interrogatory no. 2; Topic no. 31 requests that Defendant produce a representative to testify as to "[a]ll communications or correspondence to or from any governmental entity that relate or refer to any labor claims made against [Defendant] under the FLSA or the Michigan Minimum Wage Law." (Docket no. 34-1 at 6, 8.)  Defendant objected to both of these topics for the same reasons that it objected to Interrogatory no. 2.  (Docket no. 34-2 at 3, 4.)  Defendant also refused to designate witnesses for these topics on the basis that they are duplicative of Interrogatory no. 2.  (*Id.*)

Plaintiff asserts that employment-related legal proceedings and claims against Defendant are relevant "because they are reasonably calculated to lead to admissible evidence, for example, by revealing Defendant's behavior towards other independent contractors and the payment of minimum wage." (Docket no. 23 at 6.)  Defendant contends that Plaintiff has not put forth evidence of a company-wide policy or practice that violates the FLSA, and, therefore, nationwide discovery is an unnecessary burden.  (Docket no. 27 at 7.)  Defendant further maintains that its initial response to Interrogatory no. 2 regarding misclassification cases should be sufficient because it speaks to the exact nature of Plaintiff's claim.  (*Id.*)  Plaintiff replies that nationwide discovery of employment-related legal proceedings and claims against Defendant is necessary to understand how Defendant's nationwide policies apply to its Michigan insurance agents.  (Docket no. 28 at 5.)  Plaintiff also argues that Defendant's answers to Interrogatory no. 2 and Rule 30(b)(6) Topic nos. 14 and 31 are non-responsive because Defendant improperly narrowed the scope of Plaintiff's claims by only addressing misclassification lawsuits within the State of Michigan.  (*Id.* at 5-6.)

"Discovery of other lawsuits is not a subject that is amenable to a *per se* rule.  The Court must look to the relevance of the other suits to the particular claims at issue." *Kormos v. Sportstuff, Inc.*,

5

No. 06-CV-15391, 2007 WL 2571969, at *2 (E.D. Mich. Sept. 4, 2007) (quoting *Thornton v. State Farm Mut. Auto Ins. Co.,* No. 1:06-CV-00018, 2006 WL 3499986, at *2 (N.D. Ohio Dec. 5, 2006). "[W]hether pleadings in one suit are 'reasonably calculated' to lead to admissible evidence in another suit . . . depends on the nature of the claims, the time when the critical events in each case took place, and the precise involvement of the parties, among other considerations." *Payne v. Howard*, 75 F.R.D. 465, 469 (D.D.C. 1977).

While Plaintiff's requests may to lead to the discovery of admissible evidence, the requests are overbroad in terms of scope. Plaintiff has essentially asked Defendant to identify all legal proceedings or claims of an employment nature against Defendant nationwide within the past seven years, but is only seeking to represent similarly-situated agents from Michigan. (*See* docket no. 23-1 at 9 and docket no. 28 at 4.) This will require Defendant to produce an all-encompassing list that includes hundreds of cases that are irrelevant to Plaintiff's claims, which could be unduly burdensome for Defendant. Nevertheless, Defendant's response regarding only misclassification lawsuits is too narrow in relation to Plaintiff's request. Therefore, the Court will limit Plaintiff's Interrogatory no. 2 and Rule 30(b)(6) Topic no. 14 to legal proceedings or claims against Defendant that relate to violations of state or federal wage and hour laws, the Fair Labor Standards Act, or the Michigan Minimum Wage Law, claims where the status of independent contractors is at issue, and discrimination or retaliation claims, brought in or relating to conduct that occurred in the State of Michigan in the calendar years 2008 through 2012. Similarly, the Court will limit Plaintiff's Rule 30(b)(6) Topic no. 31 to communications or correspondence to or from any governmental entity that relate or refer to claims made against Defendant under the FLSA or MMWL, brought in or relating to conduct that occurred in the State of Michigan in the calendar years 2008 through 2012.

6

Defendant must respond to Interrogatory no. 2 as described above within 30 days of this Opinion and Order and designate a corporate representative to testify regarding Rule 30(b)(6) Topic nos. 14 and 31 as described above within 60 days of this Opinion and Order.

### 2.    Interrogatory No. 8 and Rule 30(b)(6) Topic No. 3

Plaintiff's Interrogatory No. 8 asks Defendant to "identify all agents employed by [Defendant] in the State of Michigan from December 2008 to present." (Docket no. 23-1 at 16.) It also requests the agents' location and length of employment and, if no longer employed by Defendant, their last known address and phone number. (*Id.*) Defendant responded in part as follows:

> Defendant objects to this request on the grounds that it is overly broad, unduly vague, unduly burdensome, and infringes upon the privacy rights of Defendant's independently contracted Agents in that it seeks confidential information about their places of residence and home telephone numbers. Defendant further objects to this discovery request based on form and foundation, in that it characterizes Agents' relationships with Defendant as "employment" relationships. Defendant specifically denies that its independently contracted Agents are employees. Defendant also objects to providing all of the names and numbers of all Agents appoint [sic] to sell insurance for Defendant in the State of Michigan, as that is tantamount to asking for a class list prior to certification, which is an improper request at this point in time as it is premature.

(*Id.* at 16-17.) Plaintiff's Rule 30(b)(6) Topic no. 3 contains substantially similar language to that of Interrogatory no. 8. (Docket no. 34-1 at 5.) Defendant objected to Topic no. 3 for the same reason that it objected to Interrogatory no. 8 and refused to designate a witness for this topic. (Docket no. 34-2 at 3.)

Plaintiff's Interrogatory no. 8 asks Defendant to identify all agents employed by Defendant. Defendant responded that its independently contracted agents are not employees. Defendant has responded adequately and cannot be compelled to produce the information requested since it

maintains that its agents are not its employees. There is no indication that any other plaintiffs wish to join this action, and Plaintiff has failed to demonstrate the relevance of Defendant's agents' names and contact information for any purpose other than locating potential plaintiffs. Plaintiff's request is therefore premature. This matter is still in the initial stages of discovery, and, in view of the discovery that Plaintiff has requested from Defendant, she can conceiveably collect much of the information she is seeking regarding similarly-situated agents from the production. The agents' private and confidential information is therefore rendered unnecessary at this juncture in the litigation. Accordingly, the Court finds that Defendant has sufficiently responded to Plaintiff's Interrogatory no. 8 and Rule 30(b)(6) Topic no. 3. Plaintiff's Motion to Compel with regard to these two items will be denied.

### 3.      Rule 30(b)(6) Topic No. 23

Plaintiff's Rule 30(b)(6) Topic no. 23 requests that Defendant designate a witness to testify as to "[a]ll internal communications which discuss, reference, or relate to Plaintiff's claim that [Defendant] misclassified Plaintiff and/or other 'Agents.'" (Docket no. 34-1 at 7.) Defendant objected to Topic no. 23 for the same reasons it objected to Plaintiff's RFP no. 8, which are that the request is overbroad, vague, and unduly burdensome, and the only responsive information of which Defendant is aware is protected by attorney-client privilege. (Docket no. 34-2 at 3; Docket no. 23-1 at 34.) Defendant also advised that it will not produce a witness to testify on this topic because it is unnecessarily duplicative of RFP no. 8. (Docket no. 34-2 at 3-4.) Plaintiff contends that Defendant did not state its privileged-based objections to Rule 30(b)6) Topic no. 23 with specificity according to Rule 33(b)(4). (Docket no. 23 at 10.) The Court finds that Rule 30(b)(6) Topic no. 23 is overly broad in that it is not reasonably limited in scope and time but that it is otherwise

reasonably calculated to lead to the discovery of admissible evidence. The Court will therefore order Defendant to designate a witness to testify to all non-privileged written communications from the year 2008 forward regarding this topic within 60 days of this Opinion and Order.

### 4.    Request for Production No. 15 and Rule 30(b)(6) Topic No. 12

Plaintiff's Request for Production no. 15 asks Defendant to produce "all documents and programs describing and explaining any and all computer, software, and equipment policies." (Docket no. 23-1 at 39.) Defendant objected to this request on the basis that it is "overly broad, unduly vague, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of relevant admissible evidence." (*Id.*)

Plaintiff's Rule 30(b)(6) Topic no. 12 requests that Defendant designate a witness to testify as to "[a]ll computer, software, and equipment policies; including the underlying rationale of those policies and an understanding of their practice/execution." (Docket no. 34-1 at 6.) Defendant objected to this topic for the same reason that it objected to RFP no. 15 and refused to designate a witness for this topic absent clarification of the information Plaintiff is seeking. (Docket no. 34-2 at 3.)

Plaintiff asserts that RFP no. 15 and Rule 30(b)(6) Topic no. 12 are relevant because the type of Defendant's equipment used by Plaintiff is relevant in determining whether she should be classified as an employee or independent contractor. (Docket no. 23 at 8.) Defendant contends it is more appropriate to explore RFP no. 15 and Rule 30(b)(6) Topic no. 12 in Rule 26 discussions. (Docket no. 27 at 8.) Plaintiff counters that Rule 26 discussions would not be sufficient to address these requests as the parties have already engaged in numerous discussions surrounding discovery without resolution. (Docket no. 28 at 6-7.)

9

The Court finds that Request for Production no. 15 and Rule 30(b)6) Topic no. 12 are overbroad and unduly burdensome given the potential number of computer, software, and equipment policies in place, notwithstanding the variety of topics those policies encompass, throughout Defendant's organization nationwide. The Court will deny Plaintiff's motion to compel a response to Request for Production no. 15 and to compel a Rule 30(b)(6) designation for Topic no. 12.

### 5.    Rule 30(b)(6) Topic Nos. 47, 48, and 49

Plaintiff's Rule 30(b)(6) Topic nos. 47, 48, and 49 state:

47. [Defendant's] computer databases, networks, mainframes, computerized records and/or other electronically stored information ("ESI") containing information about agents for [Defendant], including but not limited to all databases and records relevant to the number of hours worked by agents per week, the pay rate they received per hour, the number of hours worked, investigations into employee complaints, internal emails related to policy and procedures, and any information indicative of off-the-clock time spent in the parking lot surrounding the store or engaging in other security procedures.

48. The format in which [Defendant's] ESI is stored.

49. [Defendant's] document retention and destruction policies, including by [sic] not limited to the retention and destruction of ESI, and any instructions or efforts made to preserve documents in this litigation, including any litigation hold.

(Docket no. 34-1 at 9-10.)  Defendant objected to these three topics "on the grounds that [they are] overly broad, unduly burdensome, and seek[] information that is irrelevant and not reasonably calculated to lead to the discovery of relevant admissible evidence" and refused to designate a witness for these topics absent clarification of the information Plaintiff is seeking.  (Docket no. 34-2 at 5.)

Plaintiff asserts that deposition testimony on these topics "is reasonably calculated to lead to admissible evidence as it will show the degree of control Defendant had over Plaintiff, the amount

10

of equipment provided to Plaintiff by Defendant, and whether Plaintiff was an integral part of Defendant's business, among other things." (Docket no. 23 at 9.) Defendant believes that it is more appropriate to explore Rule 30(b)(6) Topic nos. 47, 48, and 49 in Rule 26 discussions. (Docket no. 27 at 8.) Plaintiff counters that Rule 26 discussions are not sufficient to discuss these topics since the parties have yet to resolve this discovery dispute after numerous Rule 26 discussions, meet and confers, conference calls, and email exchanges. (Docket no. 28 at 6-7.)

   All electronically stored information (ESI) "that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses" is a mandatory initial disclosure under Federal Rule of Civil Procedure 26(a)(1)(A)(ii). To comply with this mandatory disclosure, parties must be prepared to provide discoverable ESI at the onset of litigation, including its ESI storage format, as well as its document retention and destruction policies. *See Nissan North America, Inc. v. Johnson Elec. North America, Inc.*, No. 09-CV-11783, 2011 WL 1002835, at *4 (E.D. Mich. Feb. 17, 2011).

   With regard to Plaintiff's Rule 30(b)(6) Topic no. 47, the Court finds it to be overbroad and unduly burdensome in terms of scope and time. The Court will limit this topic to Defendant's electronically stored information regarding Defendant's Michigan agents that describes the number of hours worked by agents per week, the pay rate they received per hour, investigations into agent complaints, internal emails related to policy and procedures, and any information indicative of off-the-clock time spent in the parking lot surrounding the store or engaging in other security procedures for the calendar years 2008 through 2012. Plaintiff's Rule 30(b)(6) Topic nos. 48 and 49 are appropriate as written. Thus, the Court will order Defendant to designate a corporate representative

11

to testify to Plaintiff's Rule 30(b)(6) Topic nos. 47 (as limited above), 48, and 49 within 60 days of this Opinion and Order.

### 6.    Extension of Discovery Deadlines

The Court will deny this part of Plaintiff's motion as moot since the Court extended the discovery deadlines on November 14, 2013 and April 4, 2014, based on the parties' stipulations and agreements.   (Docket nos. 40 and 55).

### B.    Plaintiff's Motion to Compel Depositions of 30(b)(6) Topics [34]

Plaintiff filed a Motion to Compel Depositions of 30(b)(6) Topics on November 5, 2013. (Docket no. 34.)   Specifically, Plaintiff seeks an order of the Court compelling Defendant "to identify corporate or home office level individuals in response to Plaintiff's 30(b)(6) Topics 2, 5-11, 13, 17, 24, and 40."   (*Id*. at 1-2.)   Defendant responded to this motion on November 22, 2013 (Docket no. 42), and Plaintiff replied to Defendant's response on November 27, 2013 (Docket no. 43).   Over the course of these pleadings, the parties resolved their dispute regarding Rule 30(b)(6) Topic nos. 5, 6, 7, 10, and 17.   (*See* docket no. 42 at 6-7 and docket no. 43 at 5.)   Thus, the Court will only address the unresolved portion of this motion relating to Topic nos. 2, 8, 9, 11, 13, 24, and 40.   (*See* docket no. 43 at 5.)

The Rule 30(b)(6) topics at issue are as follows:

2. Knowledge of the interaction agents have with their managers and supervisors in Michigan; including disciplinary authority, day-to-day management and oversight, and control that managers and supervisors have over agents.

8. Any/all support [Defendant] provides to its agents once they are employed by [Defendant]; including office supplies, marketing materials, support staff, office space, forms, computers, software, etc.

12

9. The process, or means, by which [Defendant's] agents obtain their leads and/or potential clients from [Defendant] and from any other source(s).

11. Expectations and policies surrounding office attendance by [Defendant's] agents; including any and all mandatory attendance days, and knowledge of whether [Defendant's] agents had to work any set number of hours in any particular period or attend meetings and events with their supervisors or fellow agents.

13. Bankers' process(es) and policies for managing "orphan"clients, including, but not limited to, how a client is designated an "orphan", how agents are assigned to handle the "orphan"client, and what type of compensation an agent receives for handling "orphan"clients.

24. All documents detailing, recording, and/or relating to daily or weekly duties or activities and/or client or customer visits of [Defendant's] agents or employees.

40. The interview and hiring criterion [sic] for all agents and employees of [Defendant].

(Docket 34-1 at 5-7, 9.)  In response to Plaintiff's Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6), Defendant designated seven branch managers from its Michigan branches to be deposed regarding the topics listed above.  (Docket 34-2 at 2.)  Plaintiff asserts that "to avoid conducting unduly burdensome and duplicative depositions, it would be more appropriate for Defendant[] to produce one, or a few, deponents who are qualified to answer questions on several topics and/or has knowledge of how policies are to be implemented throughout the state of Michigan . . . , not just within one particular branch office."  (Docket no. 34 at 3.)  Defendant asserts that the branch managers are the appropriate corporate designees for the Rule 30(b)(6) topics at issue because the topics "involve subjects that are not consistently handled from one Branch to another, and thus, a home-office level corporate representative could not effectively testify on these subjects." (Docket no. 42 at 7.)

13

An organization that is served with a Rule 30(b)(6) deposition notice is obligated to produce one or more witnesses knowledgeable about the subjects described in the notice and prepare the witness(es) to testify, not simply to his or her own knowledge, but "about information known or reasonably available to the organization." Fed.R.Civ.P. 30(b)(6). "When a corporation produces [a witness] pursuant to a rule 30(b)(6) notice, it represents that the [witness] has the authority to speak on behalf of the corporation with respect to the areas within the notice of deposition." *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006) (citations omitted). If a Rule 30(b)(6) deponent is unprepared to answer questions regarding the topics in the deposition notice, it is as if the witness failed to appear for the deposition at all, and sanctions may be appropriate under Fed. R. Civ. P 37(d). *Newfrey LLC v. Burnex Corp.*, No. 07-13029, 2009 WL 3698548, at *2 (E.D. Mich. Nov. 5, 2009) (citing *Resolution Trust Corp. v. Southern Union Co.*, 985 F.2d 196, 197 (5th Cir. 1993)).

The Court finds that it would be unduly burdensome for Plaintiff to depose each of the seven branch managers designated by Defendant in order to garner information on the exact same Rule 30(b)(6) topics. Not only would it be unreasonably expensive, but it could also be duplicative in many aspects. Rule 30(b)(6) charges Defendant with the responsibility of educating its designated witnesses on matters of which they do not have personal knowledge. Thus, Defendant must prepare its witness(es) to speak on behalf of the corporation regarding the seven Rule 30(b)(6) topics at issue, including the inconsistent policies and procedures in place amongst Defendant's Michigan branches. Consequently, the Court will order Defendant to designate no more than two witnesses, corporate or otherwise, to be deposed on Plaintiff's Rule 30(b)(6) Topic nos. 2, 8, 9, 11, 13, 24, and 40, within 60 days of this Opinion and Order.

14

### C.      Plaintiff's Motion to Compel Discovery [45]

On December 12, 2013, Plaintiff filed another Motion to Compel Discovery seeking an order to compel Defendant to respond to Plaintiff's Second Set of Requests for Production.  (Docket no. 45.)  Defendant responded to this motion on December 30, 2013 (Docket no. 48), and Plaintiff replied to Defendant's response on January 6, 2014 (Docket no. 49).  The parties then filed a Joint Statement of Resolved and Unresolved Issues with regard to this motion on January 23, 2014.  (Docket no. 50.)  In their Joint Statement, the parties state that the only unresolved issue relating to this motion is Plaintiff's request for sanctions under Federal Rule of Civil Procedure 37.  (*Id*. at 1-2.)

Defendant, in its response to Plaintiff's motion, explains that it served objections to Plaintiff's Second Set of RFPs via the United States Postal Service on the due date of December 6, 2013.  (Docket no. 48 at 2; *see* docket no. 48-1.)   Defendant also alleges that Plaintiff failed to seek concurrence from Defendant under Local Rule 7.1 prior to filing the instant motion.  (Docket no. 48 at 2-3.)  Plaintiff asserts in her reply that she has made many good-faith efforts to communicate with opposing counsel and to comply with Local Rule 7.1 throughout the discovery process but that she did not make an effort to contact Defendant regarding the instant motion because she believed that there had been a breakdown in communication between the parties.  (Docket no. 49 at 3-4.)

Eastern District of Michigan Local Rule 7.1(a) requires a movant to seek concurrence from the opposing party prior to filing a motion and, if concurrence is not obtained, state in the motion whether or not the parties conferred about the motion.  "Seeking concurrence from the opponent is a mandatory directive of the Local Rules of this District."  *U.S. v. Ramesh*, No. 02-80756, 2009 WL 817549, at *6 (E.D. Mich. March 26, 2009).  Failure to seek concurrence prior to filing a motion is cause for issuing an immediate denial of the relief requested.  *Ramesh*, 2009 WL 817549, at *6;

*Tubbs Bros., Inc. v. Prime Eagle, LLC*, No. 12-13104, 2012 WL 3065451 (E.D. Mich. Jul. 27, 2012) (citiation omitted) ("It is not up to the Court to expend its energies when the parties have not sufficiently expended their own.").

Had Plaintiff sought concurrence from Defendant pursuant to Local Rule 7.1 before filing this motion, she would have learned that Defendant had already responded to Plaintiff's discovery request via U.S. Mail, voiding the necessity of filing the instant motion with the Court. Thus, the Court will deny Plaintiff's request for sanctions and will also deny as moot the remainder of Plaintiff's motion which seeks to compel Defendant's response to Plaintiff's Second Set of RFPs.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Discovery [23] is **GRANTED IN PART** and **DENIED IN PART** as follows:

a.    Plaintiff's Motion to Compel a response to Interrogatory no. 2 and designations for Rule 30(b)(6) Topic nos. 14 and 31 is GRANTED in part and DENIED in part as described in this Opinion and Order, and Defendant must respond to this interrogatory within 30 days and designate a corporate representative to be deposed on these topics within 60 days of this Opinion and Order;

b.    Plaintiff's Motion to Compel a response to Interrogatory no. 8 and a designation for Rule 30(b)(6) Topic no. 3 is DENIED;

c.    Plaintiff's Motion to Compel a designation for Rule 30(b)(6) Topic no. 23 is GRANTED in part and DENIED in part, as discussed within, and Defendant must designate a corporate representative to be deposed on this topic within 60 days of this Opinion and Order;

d.    Plaintiff's Motion to Compel a response to Request for Production no. 15 and a

16

designation for Rule 30(b)(6) Topic no. 12 is DENIED;

e.  Plaintiff's Motion to Compel designations of Rule 30(b)(6) Topic nos. 47, 48, and 49 is GRANTED in part and DENIED in part as follows:

   i.  Plaintiff's Rule 30(b)(6) Topic no. 47 is limited in time and scope by the Court as described above;

   ii.  Plaintiff's Motion to Compel designations of Rule 30(b)(6) Topic nos. 48 and 49 is GRANTED; and

   iii.  Defendant is ordered to designate a corporate representative to be deposed on these topics within 60 days of this Opinion and Order; and

f.  Plaintiff's request to extend the discovery deadlines is DENIED as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel Depositions of 30(b)(6) Topics [34] is **GRANTED IN PART** and **DENIED IN PART** as follows:

a.  Defendant must designate no more than two witnesses, corporate or otherwise, to be deposed on Plaintiff's Rule 30(b)(6) Topic nos. 2, 8, 9, 11, 13, 24, and 40, within 60 days of this Opinion and Order; and

b.  Plaintiff's Motion to Compel Depositions of 30(b)(6) Topic nos. 5, 6, 7, 10, and 17 is DENIED as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel Discovery [45] is **DENIED** as follows:

a.  Plaintiff's Motion to Compel Discovery with regard to her Second Set of Requests for Production is DENIED as moot, and

17

b.      Plaintiff's request for sanctions under Federal Rule of Civil Procedure 37 is

DENIED.


## NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days

from the date of this Order within which to file any written appeal to the District Judge as may be

permissible under 28 U.S.C. § 636(b)(1).


Dated:  April 17, 2014              s/ Mona K. Majzoub
                                    MONA K. MAJZOUB
                                    UNITED STATES MAGISTRATE JUDGE


## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: April 17, 2014               s/ Lisa C. Bartlett
                                    Case Manager

18